Terry TOBAR, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2007–SC–000842–DG.

Supreme Court of Kentucky.

May 21, 2009.

Samuel N. Potter, Department of Public Advocacy, Frankfort, KY, Counsel for Appellant.

Jack Conway, Attorney General, James Coleman Shackelford, Assistant Attorney General, Office of Criminal Appeals, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Justice VENTERS.

Appellant, Terry Tobar, entered a conditional guilty plea to the offense of failure to comply with sex offender registration, KRS 17.510(10)(a), and was sentenced to a term of one year imprisonment, probated for five years. The Court of Appeals rejected his claim that the version of KRS 17.510 in effect when he pled guilty to this crime was unconstitutionally vague as applied to him. We granted discretionary review, and now affirm the Court of Appeals.

## RELEVANT FACTS

Having been convicted of a sexual offense in the state of Ohio, Appellant duly registered as a sex offender under Kentucky's Sexual Offender Registration Act, KRS 17.500, et seq., when he moved to his mother's house in Fayette County. He subsequently vacated those premises under the terms of a domestic violence order, and moved to the Hope Center, also located in Fayette County. In conformance with KRS 17.510(10)(a), he promptly notified his probation and parole officer of his address change. Unfortunately, Appellant was expelled from the Hope Center because it has a policy against housing registered sex offenders. Evidence then indicates Appellant became homeless.[1] He failed to report to the proper authorities that he was no longer living at the Hope Center, and did not otherwise inform his probation officer of his relocation. He was subsequently indicted for violating KRS 17.510(10)(a).

Appellant moved to dismiss the indictment, arguing that the statute was unconstitutionally vague as applied to him because he was homeless when charged and therefore unable to register a change in address. Finding KRS 17.510(10)(a) constitutional, the trial court denied Appellant's motion, and allowed him to enter a conditional guilty plea, reserving the constitutional question for appeal.

The Court of Appeals affirmed Appellant's conviction finding that KRS 17.510(10)(a) was not void for vagueness as applied to him by emphasizing the importance of the term "change" as used in the statute. The Court of Appeals held that KRS 17.510(10)(a) did not criminalize homelessness, but focused on requiring the sex offender to report any change in residence address. Thus, the fact that Appellant became homeless was irrelevant to the statute's application. What was important was the fact that Appellant's residence address changed when he left the Hope Center.

## KRS 17.510(10)(a) IS NOT VOID FOR VAGUENESS AS APPLIED TO APPELLANT

■ Appellant's argument is that KRS 17.510 is unconstitutionally vague as applied to him and other similarly situated homeless persons because a homeless person cannot possibly comply with the requirement to report a change in their "residence address." Appellant argues that a homeless person by definition has no "residence" or "address." Furthering his argument, Appellant cites to the fact that residence was not defined in the Sex Offender

---

1. The Commonwealth argues that Appellant's homeless was never conceded or determined as fact by the trial court. However, we believe there is adequate evidence in the record to show that Appellant was homeless or at least without a permanent address when charged with his crime.

Registration Act in effect at the time of this case [2] and thus he believes the term is vague. Appellant cites to several portions of the Sexual Offender Registration Act to show how having an actual residence or address is necessary to comply with KRS 17.510. However, Appellant was effectively charged with violating only KRS 17.510(10)(a). Thus, we will only consider whether KRS 17.510(10)(a) is void for vagueness as applied to Appellant. KRS 17.510(10)(a) states:

> If the residence address of any registrant changes, but the registrant remains in the same county, the person shall register, on or before the date of the change of address, with the appropriate local probation and parole office in the county in which he or she resides.

A statute is vague if "men of common intelligence must necessarily guess at its meaning." *State Bd. For Elementary and Secondary Educ. v. Howard,* 834 S.W.2d 657, 662 (Ky.1992) (citing *Broadrick v. Oklahoma,* 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973)). To satisfy the void for vagueness doctrine a statute must: 1) provide fair notice to those targeted by the statute, "by containing sufficient definiteness so that ordinary people can understand what conduct is prohibited" and 2) it must have been drafted in such a way to discourage arbitrary and discriminatory enforcement. *Wilfong v. Commonwealth,* 175 S.W.3d 84, 95 (Ky. App.2004). A statute is unconstitutionally vague if those individuals who are affected by it cannot reasonably understand what the statute requires. *Gurnee v. Lexington–Fayette Urban County Government,* 6 S.W.3d 852, 856 (Ky.App.1999).

A review of KRS 17.510(10)(a) indicates that it is not void for vagueness as applied to Appellant. KRS 17.510 is de-

signed to fulfill a public purpose by tracking where sex offenders live. The key to fulfilling this purpose is making sure that registered sex offenders report to the proper authorities whenever they change their residence address. We agree with the Court of Appeals that the focus of KRS 17.510(10)(a) is not that the sex offender have an address, but that any *change* in address be reported to the proper authorities. The clear language of the statute supports such a conclusion. KRS 17.510(10)(a) clearly provides "[i]f the residence address of any registrant *changes,* but the registrant remains in the same county, the person *shall* register...." Nowhere in the plain language of the statute does it require that the registrant must have an actual place he is moving to.

The evidence in this matter indicates that Appellant was aware of the requirement of KRS 17.510(10)(a) since he reported to the proper authorities that he moved from Ohio to his mother's house in Lexington. He was again aware of the KRS 17.510(10)(a) requirement when he subsequently reported the change in his address when he moved from his mother's house to the Hope Center. However, the record indicates that Appellant made no attempt to report to the proper authorities when he moved away from the Hope Center, yet remained in Fayette County, albeit as a homeless person. There is no reason why Appellant could not have reported to the proper authorities that he no longer lived at the Hope Center. Had he done so he might have been able to assert an impossibility defense based on his lack of new permanent residence address. But, since Appellant did not report that his address changed by virtue of being asked to leave the Hope Center, we need not address that issue. Thus, in this matter, we cannot say that KRS 17.510(10)(a) as written did not clearly indicate what behavior is prohibit-

**2.** KRS 17.500(7) now defines "residence" as     "any place where a person sleeps."

ed; Appellant was aware that he needed to report the change in his living situation. *Howard*, 834 S.W.2d at 662.

■ Further, we do not find that KRS 17.510(10)(a) as written causes arbitrary or discriminatory enforcement. *Id.* All sex offenders, regardless of their socioeconomic status, must register with the proper authorities and report any change in their living address. KRS 17.510(10)(a) does not criminalize being homeless. It simply criminalizes a failure to register by a registered sex offender upon a change in their residence address. Even if a sex offender becomes homeless, there is a clear requirement and expectation that the change in their living situation be reported to the proper authorities.

Appellant requested that we review KRS 17.510 in light of the opinions of other jurisdictions which found their sex offender registry laws void for vagueness. However, upon review of these cases, we find no reason to follow their conclusion.

We note further that, since Appellant's offense, the General Assembly has amended portions of KRS 17.500 *et seq.*, including the definition of "residence". KRS 17.500(7). We express in this decision no opinion concerning the validity of the current versions of the statute.

Thus we find that KRS 17.510(10)(a) is not void for vagueness as applied to Appellant and we affirm the decision of the Court of Appeals.

MINTON, C.J., ABRAMSON, CUNNINGHAM, SCHRODER, SCOTT, and VENTERS, JJ., sitting. MINTON, C.J., ABRAMSON, CUNNINGHAM, JJ., concur. SCHRODER, J., dissents by separate opinion, in which SCOTT, J., joins. NOBLE, J., not sitting.

SCHRODER, Justice, dissenting.

When the Appellant's probation officer, the trial judge and this Court, individuals I'd like to think are of common intelligence, have to struggle (as we clearly have) with the question of whether the statute requires a homeless registrant to register his change of residence address, then the statute is necessarily void for vagueness as to this defendant. I have no problem with requiring the registration of a sex offender. However, the language of KRS 17.510(10)(a) as it existed in 2005 was simply not definite enough for an ordinary person to understand that a registrant who becomes homeless must register his change of residence address when, by the very definition of "homeless", the registrant has no residence or address.

SCOTT, J., joins.