RENDERED: DECEMBER 9, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0699-MR

AARON CALDWELL                                                      APPELLANT

v.        APPEAL FROM MORGAN CIRCUIT COURT
          HONORABLE REBECCA K. PHILLIPS, JUDGE
          ACTION NO. 21-CI-00117

KEVIN MAZZA                                                         APPELLEE

## OPINION
## AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; CALDWELL AND MAZE, JUDGES.

MAZE, JUDGE: Aaron Caldwell (Caldwell) appeals from an order of the Morgan

Circuit Court dismissing his petition for a declaration of rights in which he

challenged the results of a prison disciplinary proceeding finding him guilty of an

institutional infraction. Finding no error in the circuit court's order, we affirm.

Caldwell is a state prisoner currently housed at the Eastern Kentucky Correctional Complex. But during the period at issue, Caldwell was housed at the Green River Correctional Complex. On December 11, 2020, Officer Darren Croft witnessed Caldwell engaged in a physical altercation with inmate Demarcus Harris. That inmate was found to have been injured. A photograph was taken and attached to Part I of the Disciplinary Report Form. Sergeant Jordan Jackson was assigned to investigate the matter. He interviewed Officer Croft, Caldwell, and Harris. He also reviewed the photo. Jackson found that Harris's injuries were consistent with the use of a weapon. Caldwell was charged with "7-02-Physical action resulting in death/injury of another inmate." At the final hearing he was found guilty and assessed a penalty of "30 [days of disciplinary segregation (DS)], Credit for time served [(CTS)] 30 days. 60 days non-restorable [good time loss (GTL)]." However, on appeal to Warden Mazza, reinvestigation was ordered.

That reinvestigation resulted in a review of video footage. Sergeant Jackson reported that it appeared that Caldwell was making "slicing motions" during the altercation, then attempting to conceal an object in his waistband. He interviewed Officer Wesley Cooper who indicated that a handmade weapon fashioned out of a toothbrush was located in the shower where Caldwell was being strip-searched. Following a second disciplinary hearing, Caldwell was once again found guilty. He was assessed a penalty of "30 days DS with 30 days CTS. 270

-2-

days Non-restorable GTL." On this second appeal to the warden, no due process violation was found.

Caldwell then filed his petition for declaration of rights. Upon the warden's motion, the petition was dismissed. The circuit court found that "[d]ue process has been afforded to the Petitioner in the prison disciplinary context." The court noted that since the disciplinary review relied upon photographic and video evidence as well as witness testimony there was at least "some evidence" that Caldwell had "attempted to cause death or serious physical injury" and therefore dismissal of his petition was appropriate. (Emphasis original.)

On appeal, Caldwell makes three arguments. First, he contends that the circuit court erred in finding that the weapon belonged to him, since although he had been charged with "possession of dangerous contraband" that charge was dismissed due to lack of evidence. Second, Caldwell asserts that the charged inchoate offense is unduly vague because it does not sufficiently set forth the prohibited conduct and therefore violates due process. Finally, he states that the court abused its discretion by failing to consider all the arguments that he set out before it, including the lack of reliable evidence, lack of an impartial decision maker, and the inability to call witnesses.

The record before the Court does not support Caldwell's assertion that he was initially charged with "category 6-03 possession of dangerous contraband pursuant to CPP[1] 15.2." The initial Disciplinary Report Form dated December 29, 2020, attached as Exhibit "A" to the warden's motion to dismiss reflects only the charge of "7-02-Physical action resulting in death/injury of another inmate." Exhibit "D" to the motion reflects that a Uniform Citation issued by the Kentucky State Police was tendered by Caldwell as evidence at the February 21, 2021, hearing on this matter. It states that Caldwell was charged with Assault, 4th Degree (Minor Injury) and Promoting Contraband – 1st Degree in connection with what seems to be the same incident. However, there is no information regarding the resolution of these charges by the courts and no indication that Caldwell was ever subject to discipline with respect to any contraband. Therefore, his argument that there was no evidence that the weapon was his has no merit.

While Caldwell has attempted to argue that his due process rights were violated because the offense with which he was charged, "7-02-Physical action resulting in death/injury of another inmate," was impermissibly vague, this argument is without merit based upon the plain language of CPP 15.2. "Physical action" is defined as "fighting, hitting, kicking, shoving, pushing, biting, using force or other types of physical contact[.]" CPP 15.2 further defines "serious

---

[1] Corrections Policy and Procedure.

-4-

physical injury" as that which requires more than basic first aid. CPP 15.2, II, E provides that an attempt to commit such an act constitutes the violation itself. A statute or rule is vague if "men of common intelligence must necessarily guess at its meaning." *State Bd. For Elementary and Secondary Educ. v. Howard*, 834 S.W.2d 657, 662 (Ky. 1992) (citing *Broadrick v. Oklahoma*, 413 U.S. 601, 93 S. Ct. 2908, 37 L. Ed. 2d 830 (1973)). *Tobar v. Commonwealth*, 284 S.W.3d 133,135 (Ky. 2009). No such "guess work" is required to determine what conduct is prohibited by CPP 15.2. Therefore, it is not void for vagueness and Caldwell's due process rights were not violated by its application.

As noted in *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963, 2975, 41 L. Ed. 2d 935 (1974), inmates subject to prison disciplinary proceedings are not entitled to the same due process rights as those in full scale criminal prosecutions. Prisoners subject to discipline require merely: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Id.* at 563-67, 94 S. Ct. at 2978-80. Part I of each Disciplinary Report Form signed by Caldwell indicates that he acknowledged having received a copy of the report, having been advised of the right to call witnesses and to have legal representation. Each such

form also indicates that no witnesses were requested. At the January 10, 2021, hearing, Caldwell acknowledged that he had received a copy of the report and the 24-hour notice and had been given sufficient time to consult with his legal representative. On appeal to the warden, reinvestigation was ordered. Following reinvestigation, the investigating officer prepared an amended Disciplinary Report, also signed by Caldwell, and the matter was once again referred to the Adjustment Committee. On appeal, the warden found that no due process violation had occurred. Clearly, Caldwell has failed to demonstrate the existence of any procedural due process violations.

As stated in *Yates v. Fletcher*, 120 S.W.3d 728, 731 (Ky. App. 2003), "The courts only *review* the decisions of the Adjustment Committee and prison officials are afforded broad *discretion*. This Court must affirm if there is 'some evidence' supporting the charge. *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985)."

In *Walpole*, 472 U.S. at 455-56, 105 S. Ct. at 2774, the Supreme Court held demonstrating the existence of "some evidence" "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether

-6-

there is any evidence in the record that could support the conclusion reached by the disciplinary board."

Here, as in *Smith v. O'Dea*, 939 S.W.2d 353, 357 (Ky. App. 1997), even though the evidence may not be conclusive, it is sufficient for a decisionmaker to draw a reasonable inference. The type of injuries sustained by Harris and the slashing motions made by Caldwell during the altercation lead to the inference that a slashing-type weapon was utilized. Such a weapon was found in the shower with Caldwell during a strip search. One might then infer that this was the weapon used to inflict the injuries on Harris. Further, as noted by the circuit court, the nature of the weapon itself could lead to the "logical conclusion" that it was intended to cause serious injury. This Court can find no error in the lower court's legal analysis.

Accordingly, we affirm the Morgan Circuit Court's order of dismissal.

ALL CONCUR.

BRIEF FOR APPELLANT:

Aaron Caldwell, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Peter W. Dooley
Frankfort, Kentucky